Taliaeebro, J.
The executor of John D. Fink, deceased, placed Durant & Horno? on the final tableau of distribution of the succession as creditors for the sum of $8,935, being the amount of their claim for legal services rendered as attorneys of the succession. An opposition to this claim was *259 filed by the city of New Orleans, as trustee and agent of the Asylum for Destitute Protestant Widows and Orphans, on the ground that the various charges of the attorneys are excessive,, illegal and not due. There were oppositions filed to other claims set down upon the tableau, but thepresent case involves only the opposition to the claim of Durant & Hornor. The Court below dismissed the opposition to this claim, ordered some amendments in regard to other items, and rendered judgment homologating the tableau as amended, and decreed a distribution of the funds accordingly.
From this judgment the opponent appealed.
It appears that long involved and intricate law suits grew out of the settlement of the succession. Two or three strenuous efforts were made to annul the will. These attacks, by much labor and legal ability of the counsel on the part of the succession, were successfully repelled. The interests involved were large and important, and witnesses attest the assiduity and skill with which they were protected. The amount placed upon the final tableau of the executor in round numbers at $8,935, as the attorneys’ fees, is made up of various items stated elsewhere in the record in an account, though not so explicitly as would be desirable. In this account there is one item of $5,000, specified as “services in Pellenz v. Bullerdieck to break the will, and also in Fink et al. v. Executor, to break the will both in Second District Court and Supreme Court.”
It seems that, upon a provisional tableau previously presented to the Court and approved, the attorneys of ihe estate had been allowed $5,700 for “ services to date.” There is some obscurity, in regard to what these services were, and as to the time when they were rendered; but it appears sufficiently clear that the $5,700 were received after the will cases had been carried through the District Court, and before they were disposed of by the Supreme Court. The evidence of several distinguished gentlemen of the bar was taken in regard to the value of the services. They seemed to concur in the opinion that if the amount received was intended as compensation for services in the more important case, in both Courts, the subsequent charge of $5,000 for the other two cases would be excessive and unreasonable. If the sum paid was only for conducting the defence in the principal litigation in the District Court, one should be inclined to think the fee ample, and the additional charge for ulterior services in the Supreme Court too large. Upon the whole, guided by the opinions of the witnesses as far as they were given upon the somewhat indefinite state of facts, and upon a review of the account, we are inclined to reject the item of $5,000.
Another item of the account specified as ‘1 services in advice and consultation with the executor, from filing tableau No. 1, up to 30th May, 1860, touching the business of the estate during the last four years, at $250 per annum, making $1,000,” we consider vague and unsustained by the evidence. This item should, in our opinion, be likewise disallowed. With these deductions the account is reduced to $2,935.
It is therefore ordered, adjudged and decreed, that the judment of the lower Court be annulled, so far as it rejects the opposition of the city of New Orleans; that that opposition be sustained as to the item of $5,000; and also, as to the item of $1,000, which items constitute part of the attor *260 neys’account, and part of the aggregate sum of $8,935, objected to by the said opponent.
It is further ordered, that the tableau be amended accordingly, and that the judgment in all other respects be affirmed—the costs to be defrayed by the succession.